UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
----------------------------------------------------------- x

PATRICK CARNEY and DANIEL
AUERBACH (collectively and professionally
known as "THE BLACK KEYS"); and THE
BLACK KEYS PARTNERSHIP d/b/a
MCMOORE MCLESST PUBLISHING,

                          Plaintiffs,

          - against -

CHESKY RECORDS, INC. d/b/a
MANHATTAN PRODUCTION MUSIC;
MANHATTAN PRODUCTION MUSIC, INC.;
and PINNACLE ENTERTAINMENT, INC.,

                          Defendants.
----------------------------------------------------------- x

Index No. 13 Civ. 0405 (DAB)

**ANSWER OF DEFENDANT
CHESKY RECORDS, INC.**

**ECF CASE**

        Defendant Chesky Records, Inc. ("Chesky Records") sued herein as "Chesky Records,

Inc. d/b/a Manhattan Production Music," by and through its undersigned attorneys, hereby

answers the complaint of plaintiffs Patrick Carney ("Carney"), Daniel Auerbach ("Auerbach"),

and The Black Keys Partnership d/b/a McMoore McLesst Publishing (collectively, "Plaintiffs"),

as follows:

**NATURE OF THE CLAIMS**

        1.      To the extent the allegations of paragraph 1 are deemed to be allegations of law,

defendant is not required to plead thereto; to the extent the allegations of the said paragraph are

deemed to be allegations of fact, denies each and every allegation thereof.

        2.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 2 except admits, upon information and belief, that the band

known as The Black Keys has won Grammy awards and the song "*Howlin For You*" appears on

their album entitled "*Brothers*".

        3.      Denies each and every allegation of paragraph 3.

4.      To the extent the allegations of paragraph 4 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## JURISDICTION AND VENUE

5.      To the extent the allegations of paragraph 5 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, admits that the complaint pleads claims under the Copyright Act and seeks damages and injunctive relief.

6.      To the extent the allegations of paragraph 6 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, admits that the court has subject matter jurisdiction.

7.      To the extent the allegations of paragraph 7 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof, except admits that the court has personal jurisdiction over defendants MPM and Chesky Records Inc.

8.      To the extent the allegations of paragraph 8 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## THE PARTIES

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9.

10.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11.

12.     Denies each and every allegation of paragraph 12, except admits that Chesky Records is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

13.     Denies each and every allegation of paragraph 13, except affirmatively states that Chesky Productions, Inc. does business under the name Manhattan Production Music, has its principal place of business in New York, New York, and is a music production library.

14.     Denies each and every allegation of paragraph 14.

15.     To the extent the allegations of paragraph 15 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof, except denies knowledge or information sufficient to form a belief as to the allegations concerning an alleged contractual relation between Pinnacle Entertainment, Inc. ("Pinnacle") and Chesky Productions, Inc.

16.     To the extent the allegations of paragraph 16 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

**STATEMENT OF FACTS**

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18, except refers to Exhibit A reference therein for a true and complete statement of the contents thereof.

3

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19, except admits, on information and belief, that *"Howlin For You"* appears on The Black Keys' album entitled "Brothers".

20. To the extent the allegations of paragraph 20 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof, except denies knowledge or information sufficient to form a belief regarding any Pinnacle commercial advertisements.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21.

22. To the extent the allegations of paragraph 22 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity thereof.

23. To the extent the allegations of paragraph 23 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity thereof.

24. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24, except admits Chesky Records does not have any license, authorization, permission or consent to use *"Howlin' For You"*.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25.

4

26.     To the extent the allegations of paragraph 25 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Second Advertisement.

27.     To the extent the allegations of paragraph 27 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

28.     To the extent the allegations of paragraph 28 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

**COUNT I**
**(Copyright Infringement)**

29.     Defendant repeats and realleges its responses to paragraphs 1 through and including 28 set forth hereinabove, as if the same were fully stated herein.

30.     To the extent the allegations of paragraph 30 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

31.     To the extent the allegations of paragraph 31 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

32.     To the extent the allegations of paragraph 32 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

DWT 22154260v2 0097616-000001

33.     To the extent the allegations of paragraph 33 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

34.     To the extent the allegations of paragraph 34 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

35.     To the extent the allegations of paragraph 35 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

36.     To the extent the allegations of paragraph 36 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

**COUNT II**
**(False Designation Of Origin)**

37.     Defendant repeats and realleges its responses to paragraphs 1 through and including 36 of the Complaint as set forth hereinabove, as if the same were fully stated herein.

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38.

39.     To the extent the allegations of paragraph 39 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

40.     Denies each and every allegation of paragraph 40.

41.     Denies each and every allegation of paragraph 41, except admits that Plaintiffs have no control over the quality of services Chesky Records offers, denies knowledge or

DWT 22154260v2 0097616-000001

information sufficient to form a belief as to whether Plaintiffs have valuable Black Keys marks, and affirmatively states that Chesky Records does not offer any services under The Black Keys marks.

42.     To the extent the allegations of paragraph 42 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

43.     To the extent the allegations of paragraph 43 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

44.     To the extent the allegations of paragraph 44 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

45.     To the extent the allegations of paragraph 45 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

46.     To the extent the allegations of paragraph 46 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

47.     To the extent the allegations of paragraph 47 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

48. To the extent the allegations of paragraph 48 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## COUNT III
### (Unfair Competition)

49. Defendant repeats and realleges its responses to paragraphs 1 through and including 48 set forth hereinabove, as if the same were fully stated herein.

50. To the extent the allegations of paragraph 50 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

51. To the extent the allegations of paragraph 51 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

52. To the extent the allegations of paragraph 52 are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## AS AND FOR ITS DEFENSES

By pleading the defenses set forth below, defendant does not admit that it bears the burden of proof on all or any of the aforesaid defenses, and reserves all rights with respect to allocation of the burden of proof under law.

## AS AND FOR A FIRST DEFENSE

53. The complaint fails to state a claim for relief for violation of the Lanham Act or common law unfair competition.

### AS AND FOR A SECOND DEFENSE

54.     The song *"The Howler"* is not substantially similar to the song *"Howlin For You"*.

### AS AND FOR A THIRD DEFENSE

55.     To the extent there are similarities in the musical compositions of *"Howlin For You"* on the one hand and *"The Howler"* on the other, said similarities appear in prior art and therefore are not original to Plaintiffs.

### AS AND FOR A FOURTH DEFENSE

56.     Assuming *arguendo* that there is substantial similarity between *"The Howler"* and *"Howlin For You"*, *"The Howler"* is a fair use of *"Howlin For You"* under 17 U.S.C. §109.

### AS AND FOR A FIFTH DEFENSE

57.     Assuming *arguendo* that there is liability, defendant Chesky Records' actions were not willful or intentional and defendant did not act with predatory intent.

### AS AND FOR A SIXTH DEFENSE

58.     The statements alleged to have been made by Pinnacle and to constitute unfair competition are true and therefore non-actionable.

### AS AND FOR A SEVENTH DEFENSE

59.     The statements alleged to have been made by Pinnacle and to constitute unfair competition are not likely to cause confusion.

### AS AND FOR AN EIGHTH DEFENSE

60.     Plaintiffs have unclean hands and are estopped from asserting the claims set forth in the complaint.

DWT 22154260v2 0097616-000001

## AS AND FOR A NINTH DEFENSE

61.     If and to the extent Plaintiffs have suffered any injury or damage, it was proximately caused by those other than defendant Chesky Records, and Chesky Records is not responsible therefor.

## AS AND FOR A TENTH DEFENSE

62.     There is no basis for a claim against defendant Chesky Records, as it does not own, has no interest in, and has never distributed, licensed or otherwise disseminated, the song *"The Howler"*.

WHEREFORE, defendant Chesky Records prays for judgment against Plaintiffs and each of them, as follows:

1.      Dismissing the complaint in its entirety and with prejudice, and entering judgment thereon in favor of defendants;

2.      Awarding defendants their attorneys fees pursuant to 17 U.S.C. §505, together with costs and disbursements of this action; and

3.      For such other and further relief as to the Court shall seem just and proper.

Dated: New York, New York
        June 17, 2013

                              DAVIS WRIGHT TREMAINE LLP


                              By:____/S/_____
                                     Marcia B. Paul
                                     Eric J. Feder
                              1633 Broadway – 27th Floor
                              New York, NY  10019
                              Telephone: (212) 489-8230
                              Facsimile:  (212) 489-8340

                              *Attorneys for Defendant*

DWT 22154260v2 0097616-000001